**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4303

TAMMY WILLIAMS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4305

RODNEY H. WILLIAMS,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-97-583)

Submitted: December 8, 1998

Decided: January 19, 1999

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

No. 98-4303 affirmed and No. 98-4305 remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina; David P. McCann, Charleston, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Scott N. Schools, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Rodney and Tammy Williams, husband and wife, appeal their sentences. The Williamses pled guilty to one count of bank robbery by force or violence, 18 U.S.C. § 2113(a), (d) (1994), and one count of using and carrying a handgun during and in relation to a crime of violence, 18 U.S.C.A.§ 924(c) (West 1994 & Supp. 1998). Tammy Williams ("Ms. Williams") contends the court erred because it believed it did not have the authority to grant a downward departure from the applicable Sentencing Guidelines range. Finding no reversible error, we affirm. Rodney Williams noted his appeal outside the ten-day appeal period but within the thirty-day period during which an extension could be granted upon a showing of excusable neglect. See Fed. R. App. P. 4(b). Accordingly, we remand his appeal to the district court with instructions to make factual findings concerning whether there was excusable neglect that warrants an extension of the ten-day appeal period.

The Williamses pled guilty to robbing the NationsBank Distribution Center of approximately $3.2 million. Ms. Williams's applicable Sentencing Guidelines range for the robbery conviction was 70 to 87 months' imprisonment. In addition, she was to receive a sixty-month consecutive sentence for the firearm conviction.

2

Based on a life of sexual and emotional abuse and neglect that allegedly made her submissive and distressed, she moved for downward departure under U.S. Sentencing Guidelines Manual §§ 5K2.0, 5K2.12, 5K2.16 (1997) and USSG Ch. 1, Pt. A, 4(d). Ms. Williams presented testimony from family members and a forensic psychologist. As for departure under § 5K2.0, the court found that it was a "close call," but denied the motion.

After sentencing, Ms. Williams moved the court for clarification of its grounds for denying the motion for downward departure and reconsideration of the denial. At the hearing on the motion, the Government conceded that Ms. Williams's history of abuse may be a basis for departure, albeit a discouraged one. See United States v. Withers, 100 F.3d 1142, 1147-48 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884). The court agreed, stating "I believe that I, as a sentencing Judge, do have the authority to review and consider the defendant's history of abuse to determine whether or not to use it or allow it to be used as a basis for a downward departure motion." (J.A. 296). The court reviewed the elements necessary for downward departure, including the need for evidence that the mental condition bore a causal connection to the criminal conduct. The court subsequently stated that"the Court finds that the facts of this case do not fall outside of the heartland of cases under 5K2.0." (J.A. 299-300). In conclusion the court stated that "I think that the guidelines and the case law dictate, given the facts of this case, that I should rule in the exercise of my discretion as I have." (J.A. 300).

On appeal, Ms. Williams challenges the court's decision to deny downward departure under § 5K2.0.* The denial of a motion for downward departure is reviewable on appeal if the district court misperceived its power to depart. On the other hand, a court's discretionary denial of such a motion is not reviewable. See United States v. Davis, 98 F.3d 141, 145 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3630 (U.S. Mar. 17, 1997) (No. 96-7755). Ms. Williams

_____

*Because Ms. Williams does not challenge the court's denial for downward departure sought on other grounds, we consider those claims abandoned. See 11126 Baltimore Blvd., Inc. v. Prince George's County, 58 F.3d 988, 993 n.7 (4th Cir. 1995).

contends that the court believed it did not have the authority to grant the downward departure. However, as the transcript reveals, the court clearly understood it had the discretion to depart from the Sentencing Guidelines for the reasons offered by Ms. Williams. It merely found a lack of evidentiary support.

Because the court knew that it had the legal authority to depart, but used its discretion to deny the motion for downward departure, the court's denial is not reviewable on appeal.

With regard to Rodney Williams's ("Mr. Williams") appeal, the Government correctly points out that Mr. Williams's counsel filed a late notice of appeal. In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect. See Rule 4(b). When an appellant files a notice of appeal after the ten-day period but within the thirty-day extension period, unless excusable neglect is clear on the record, the district court must make factual findings concerning whether there was excusable neglect warranting extension of the appeal period. See United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

In Mr. Williams's case, a judgment was entered on April 7, 1998. The first day of the ten-day appeal period was April 8, 1998. See Fed. R. App. P. 26(a) (computation of time). Mr. Williams therefore had until Friday, April 17, 1998, in which to file a timely notice of appeal. The notice of appeal was not filed until Monday, April 20, 1998. Thus, his notice of appeal was untimely by one business day. While this filing was after the ten-day limit, it was within the thirty-day extension period applicable upon a showing of excusable neglect.

Based on the foregoing, we affirm Ms. Williams's sentence in No. 98-4303. We remand Mr. Williams's appeal in No. 98-4305 to the district court with instructions to make factual findings concerning whether there was excusable neglect that warrants an extension of the ten-day appeal period. We dispense with oral argument because the

4

facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-4303 - <u>AFFIRMED</u>
No. 98-4305 - <u>REMANDED</u>

5